UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT DIMITRI,

                              Plaintiff,                  9:24-CV-1412
                                                                                    (GTS/MJK)
     v.

C.O. OHARA,

                              Defendant.

---

APPEARANCES:                                              OF COUNSEL:

ROBERT DIMITRI
Plaintiff, pro se
22-B-2482
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Robert Dimitri ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl.").[1] Plaintiff, who is presently confined at Auburn Correctional Facility ("Auburn C.F."), has not paid the statutory filing fee

---

[1] On November 27, 2024, plaintiff filed a "supplement" to the complaint. Dkt. No. 3. The Clerk of the Court is directed to attach the submission at Dkt. No. 3 to the complaint (Dkt. No. 1). This shall constitute the operative pleading.

and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application"). Plaintiff also filed a motion for preliminary injunctive relief. Dkt. Nos. 5 and 7 (submission in support).

## II.   IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2]  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) *and Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of plaintiff's IFP Application (Dkt. No. 2), the Court finds that plaintiff has demonstrated sufficient economic need and filed the inmate authorization form required in the Northern District of New York. Dkt. No. 5. Plaintiff's IFP Application (Dkt. No. 2) is granted.

## III.   DISCUSSION

### A.   Governing Legal Standard

Having found that plaintiff meets the financial criteria for commencing this action IFP, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs

---

[2] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.  Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal.  *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

The Court will construe the allegations in the complaint with the utmost leniency.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

**B.  Summary of the Complaint**[3]

The complaint asserts allegations of wrongdoing at Auburn C.F.  *See generally* Compl.  The following facts are set forth as alleged by plaintiff in his complaint.

On July 9, 2024, plaintiff received a letter from the Appellate Division, Second Department in the matter of *People v. Dimitri*, Dkt. No. 2022-05421.  Compl. at 19.  The Clerk of the Court advised that plaintiff's motion to proceed pro se, was granted and that his brief was due on or before October 9, 2024.  *Id*.

---

[3]  The complaint includes exhibits.  *See* Compl. at 9-41.  To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the complaint as well as any documents attached as exhibits.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

In August 2024, plaintiff received an Order from New York State Supreme Court for Albany County in the matter of *Dimitri v. FOIL Officer at Great Meadow C.F.*, No. 8226-24. Compl. at 30. The court directed plaintiff to serve a copy of his petition, and other papers, upon each respondent on or before October 4, 2024. *Id*.

In September 2024, defendant Corrections Officer Ohara ("Ohara") removed plaintiff's "special access to the law library for the full 90 days." Compl. at 4, 11-12, 20, 22. At that time, plaintiff was "on loss of rec" and, as a result, was only permitted to access to the law library in the morning. *Id.* at 12. However, a class occupies the law library in the morning. *Id*. Therefore, plaintiff was "stripped" of his access. *Id.* As a result, plaintiff was prevented from perfecting an appeal. Compl. at 16.

Construed liberally[4], the complaint contains the following: (1) Sixth Amendment claim related to his right to appeal; (2) Fourteenth Amendment due process claim[5]; and (3) First Amendment access-to-court claim. *See* Compl. at 41, Dkt. No. 3 at 4. Plaintiff seeks compensatory damages and injunctive relief. *See* Dkt. No. 3 at 4. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the amended complaint.

---

[4] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. S*ee, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

[5] Plaintiff includes a cause of action for violations of his Fifth Amendment right to due process. *See* Compl. at 41. However, "[t]he Fourteenth Amendment applies in cases where an individual detained in a municipal facility [. . .], asserts due process violations. *Thompson v. Bernier*, No. 1:22-CV-07222-LTS, 2023 WL 4534871, at *3 (S.D.N.Y. July 11, 2023).

### C. Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983.  *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability.").  "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' "  *Id.* (quoting *Iqbal,* 556 U.S. at 676).

### 1. Sixth Amendment

Construed liberally, plaintiff alleges that his lack of access to the law library violated his Sixth Amendment right. To the extent that Plaintiff seeks relief under the Sixth Amendment claim, "the right of access to the courts is grounded not in the Sixth Amendment but in various other constitutional provisions." *Avent v. New York*, 157 Fed. App'x 375, 376 (2d Cir. 2005). These claims are more properly evaluated under the due process clause of the Fourteenth Amendment. *See Miller v. Cnty. of Nassau*, No. 12-CV-4164, 2012 WL 4741592, at *8 (E.D.N.Y. Oct. 3, 2012) (citing *Bourdon v. Loughren*, 386 F.3d 88 (2d Cir. 2004)).

Accordingly, plaintiff's Sixth Amendment claims are dismissed.

### 2. Fourteenth Amendment and First Amendment Claims

Analyzing plaintiff's claims under either the Fourteenth Amendment or First Amendment, the Court finds that plaintiff's denial of access claims fail to state a plausible claim.

In *Bounds v. Smith*, the Supreme Court held that access to the courts is a fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). "However, that access is not unlimited, and prison officials may impose reasonable restrictions on the use of prison law libraries." *Harris v. Keane*, 962 F.Supp. 397, 404–05 (S.D.N.Y. 1997) (citation omitted).

To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating that (1) the defendant acted deliberately, and (2) the plaintiff suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996); Konigsberg v. Lefevre, 267 F.Supp.2d 255, 261 (N.D.N.Y. 2003) ("Prison officials may only

be held liable for such injury if they frustrated or impeded a prisoner's efforts to pursue a non-frivolous legal claim.").

However, "[a] hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." *Amaker v. Haponik,* No. 98-CV-2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999). Instead, a plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 349, 351-53 (noting that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense").

The Supreme Court has stated that, in order to allege a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Supreme Court instructed that the underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. at 415-16.

"Finally, . . . the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, the injury must be to an inmate's ability "to attack [his] sentence[ ], directly or collaterally, [or] . . . to challenge the conditions of [his] confinement." *Id*. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

Construing the complaint liberally, plaintiff claims that his lack of "special access" to the law library prevented him from "perfecting" an appeal and complying with the October 2024 deadlines. *See generally* Compl. While plaintiff provided copies of letters from courts

related to two different legal actions, the complaint lacks facts suggesting that plaintiff was unable to comply with the court orders or that he suffered any "actual injury" in either legal action.  The complaint does not contain any facts or information related to the procedural posture of either legal action.

Further, a review of plaintiff's litigation history belies any claim that he was prevented from accessing courts in September 2024 and October 2024.  To wit, on September 28, 2024, plaintiff signed a 28-page complaint, filed on October 9, 2024, in an action entitled *Dimitri v. George et al.*, No. 9:24-CV-1236 (FJS/PJE), Dkt. No. 1 (N.D.N.Y. Oct. 9, 2024).  A review of the docket report for that action reveals that plaintiff continued to file submission with the Court throughout October 2024.  *See id.*, Dkt. Nos. 5, 6, and 7.

To the extent that plaintiff alleges that there was a "3-month delay on [his] appeal," *see* Compl. at 4, that claim is also deficient.  "Mere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Davis,* 320 F.3d at 352 (internal quotation marks and citation omitted).

Accordingly, at this juncture, plaintiff has not sufficiently alleged that he suffered an actual injury to support a First or Fourteenth Amendment claim.  S*ee, e.g., Chalif v. Spitzer*, No. 05-CV-1355, 2008 WL 1848650, at *11 (Apr. 23, 2008) ("Since plaintiff's complaint fails to allege any prejudice in the form of interference with his pursuit of a non-frivolous legal claim, this provides an independent basis for dismissal[.]"); *see also Miller*, 2012 WL 4741592, at *8 (dismissing due process claim due to the absence of any factual allegations suggesting that the alleged denial of access to the law library caused some prejudice to a legal claim).

Accordingly, plaintiff's First and Fourteenth Amendment claims related to his access to the law library are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.   LEAVE TO AMEND

Plaintiff's complaint fails to state one or more claims upon which relief may be granted by this Court. However, in light of his pro se status, plaintiff will be afforded the opportunity to file an amended complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the amended complaint in its entirety. Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## V.   MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for an order directing "the jail" to return his legal work and for an order permitting plaintiff to "carry it on [his] person any time they move me from cell to cell or jail to jail." Dkt. No. 5 at 4. Plaintiff also asks the Court to "protect [him] from retaliation[.]" Dkt. No. 7 at 1.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). "[T]his circuit has required a party seeking a preliminary injunction to show: (a) irreparable harm and (b) either (1) a substantial likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." C*itigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35, 38 (2d Cir. 2010) (internal quotation marks omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.,* 684 F.3d 286, 294 (2d Cir. 2011). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore,* 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing i*nter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the

underlying action); s*ee also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" him).

Here, as plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success of show that extreme or very serious damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

Construing plaintiff's motion in the light most favorable to him as a pro se litigant, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form. At this juncture, plaintiff has failed to assert any viable cause of action and all allegations in the complaint have been dismissed. Moreover, in his motion for injunctive relief, plaintiff fails to provide any specific facts establishing the likelihood of success on the merits or extreme or serious damage.

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied.

## VI.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall attach the submission at Dkt. No. 3 to the complaint (Dkt. No. 1); and it is further

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**.[6] The Clerk shall provide the superintendent of the prison facility in which plaintiff is currently confined with a copy of plaintiff's inmate authorization form (Dkt. No. 5) and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee $350.00 pursuant to 28 U.S.C. § 1915;[7] and it is further

**ORDERED** that the Clerk shall provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 5) is **DENIED**; and it is further

---

[6] Plaintiff should note that, although his IFP application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[7] While Section 1915 permits indigent litigants to commence a civil action in federal court without prepayment of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through periodic withdrawals from [their] inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris*, 607 F.3d at 21).

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: February 5, 2025

Glenn T. Suddaby
U.S. District Judge