UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROBERT DIMITRI,

                                Plaintiff,                      9:24-CV-1412
                                                                                     (GTS/MJK)
      v.

C.O. OHARA,

                                Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

ROBERT DIMITRI
Plaintiff, pro se
22-B-2482
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.      **INTRODUCTION AND PROCEDURAL HISTORY**

In November 2024, plaintiff pro se Robert Dimitri ("plaintiff") commenced this civil rights action. Dkt. No. 1. Plaintiff, who was confined at Auburn Correctional Facility ("Auburn C.F.") at the time he filed this action, did not pay the filing fee for this action and sought leave to proceed in forma pauperis ("IFP"). Dkt. No. 2. Plaintiff also filed a motion for preliminary injunctive relief. Dkt. No. 5.

By Decision and Order filed on February 5, 2025 (the "February 2025 Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 9. The Court

found that the complaint failed to state a claim and dismissed all claims, without prejudice. *See id*. In light of plaintiff's pro se status, he was afforded an opportunity to file an amended complaint. *See id.* Plaintiff was advised that if he failed, " to timely file an amended complaint as directed [ ], the Clerk shall enter judgment indicating that the action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order." *Id.* at 13 (emphasis in original). The Court also denied plaintiff's request for a preliminary injunction. *Id.* at 12.

On February 7, 2025, plaintiff filed a Notice of Change of Address indicating his new address as Marcy Correctional Facility. Dkt. No. 10. On February 10, 2025, the Clerk of the Court forwarded a courtesy copy of the February 2025 Order to plaintiff's new address. *See* Docket Entry, Feb. 10, 2025. On February 11, 2025, plaintiff filed a second motion for a preliminary injunction. Dkt. No. 12. On March 7, 2025, plaintiff filed a letter request seeking an extension of time to file an amended complaint. Dkt. No. 13. On March 7, 2025, the Court granted plaintiff's request for an extension and directed plaintiff to file an amended pleading on or before April 7, 2025. Dkt. No. 14.

II.    DISCUSSION

The law related to preliminary injunctions was discussed at length in the February 2025 Order and will not be restated herein. *See* Dkt. No. 9 at 10-11. In plaintiff's first motion for preliminary injunctive relief, plaintiff sought an order directing "the jail" to return his legal work and for an order permitting plaintiff to "carry it on [his] person any time they move me from cell to cell or jail to jail." Dkt. No. 5 at 4. Plaintiff also asks the Court to "protect [him] from retaliation[.]" Dkt. No. 7 at 1. In the February 2025 Order, the Court denied plaintiff's

request for injunctive relief noting, "plaintiff has failed to assert any viable cause of action and all allegations in the complaint have been dismissed."  Dkt. No. 9 at 12.

In his second motion for preliminary injunctive relief, plaintiff seeks "immediate release," to be "paroled to a different state," or to be transferred to Auburn C.F.  *See* Dkt. No. 12 at 6-7.  Plaintiff also seeks a "stay in the App. Div. 2nd Dept," an order directing officers to wear a body camera while handling plaintiff's mail, an order allowing plaintiff to carry his legal work from "jail to jail and cell to cell," two "modules" a day in the law library, a laptop, paperwork "free of charge," and copies of his "police reports and grand jury minutes."  *Id.* at 7-8.

Plaintiff's current submission suffers from the same infirmities as his prior motion.  To date, plaintiff has not filed an amended pleading.  Without a valid pleading, plaintiff cannot possibly establish that his claim has a likelihood of success on the merits or the existence of sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  Moreover, to the extent that plaintiff seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.,* 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").  Finally, even if the court could provide relief requested, the issues underlying plaintiff's request for injunctive relief are unrelated to the claims in this action.  The complaint contains claims arising out of incidents that occurred at

3

Auburn C.F. *See generally* Compl. The issues plaintiff has been experiencing related to his confinement at Marcy C.F., are wholly unrelated to plaintiff's underlying claims. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); s*ee also Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context). Therefore, the Court denies plaintiff's motion for injunctive relief.

After receiving no response or any communication from plaintiff, the Court conducted a search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), using plaintiff's Department ID Number (22-B-2482). The search revealed that the plaintiff is still housed at Marcy Correctional Facility. See https://nysdoccslookup.doccs.ny.gov/ (last visited Apr. 21, 2025).

As of the date of this Decision and Order, plaintiff has not complied with the directives in the February 2025 Order, nor has he communicated with the Court in any manner regarding this action since March 7, 2025.

### III. CONCLUSION

**WHEREFORE**, it is hereby

4

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this action is **DISMISSED** without leave to replead due to plaintiff's failure to comply with the February 2025 Order and the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated: April 22, 2025

Glenn T. Suddaby
U.S. District Judge